## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Jennifer Swetitch<br><br>    Complainant,<br><br>v.<br><br><br>The Lincoln National Life Insurance Company,<br>    Insurer-Respondent,<br><br>**Serve**: CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY<br>    221 Bolivar St.<br>    Jefferson City, MO 65101<br><br>and<br><br>Wells Fargo & Company,<br>    Employer-Respondent.<br><br>  **Serve**:1300 SOUTH CLINTON STREET<br>    FORT WAYNE, IN 46801<br><br><br><br>    Defendants. | Case No.    24-cv-1338 |

## COMPLAINT

COMES NOW Plaintiff Jennifer Swetitch ("Plaintiff"), by and through counsel, and for her complaint states as follows:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.Sec. 1001 et seq. (ERISA), to recover benefits due under an employee benefit plan, and to recover costs and attorneys' fees.

## JURISDICTION AND VENUE

2. In this matter, Plaintiff seeks long-term disability benefits under ERISA plans pursuant to 29

U.S.C. Section 1132(a)(1)(B) and this court has jurisdiction to consider this matter based upon a federal question.

3. Defendants are subject to jurisdiction in this Court because they have more than minimum contacts with this forum (see 29 U.S.C. § 1132(e), and the Defendant Plans include a forum-selection clause requiring any litigation to occur in this forum.

## PARTIES

4. Plaintiff Jennifer Swetitch (hereinafter "Plaintiff") is an individual residing in Missouri. Plaintiff is a vested participant in the group insurance plan (hereinafter "the Plan") for certain employees Wells Fargo & Company's (referred to hereafter as "Wells Fargo") Long Term Disability Policy, which is written by Lincoln National Life Insurance (referred to hereafter as "Lincoln"), which provides an employee benefit plan within the meaning of 29 U.S.C § 1002. She has the standing to bring this action under 29 U.S.C. § 1132 (a).

5. Defendant Wells Fargo and Defendant Lincoln provide coverage for certain employees of Wells Fargo under an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1).

## COUNT I

### Wells Fargo & Company's Long Term Disability Policy

COMES NOW, Plaintiff by and through counsel and for Count I of her Complaint against The Lincoln National Life Insurance Company Disability and Life Claims, Insurer, and Wells Fargo & Company, Employer, states the following:

6. Plaintiff incorporates by reference paragraphs 1-5 of the above as if fully set out herein.

7. Under the Plan, "Disability" or "Disabled" means:

i.      that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

ii.      thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

"Own Occupation" means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Lincoln will consider the Covered Person's occupation as it is normally performed in the local economy."

8. Plaintiff was a full-time employee and actively at work for Defendant Wells Fargo until November of 2021. During this time, she was a "covered person" under the Plan and eligible for benefits.

9. Ms. Swetitch has serious physical medical conditions which rendered her unable to perform the Material and Substantial Duties of her Own Occupation beginning in November 2021 including but not limited to constant severe pain due to her failed back surgeries.  She requires a constant position rotation throughout the day alternating sitting, walking, standing, shuffling, slow walking, and laying down to cope with the pain.  The pain affects her in the following ways, and is not limited to:

a) On her best days when she is medicated, she can sit for twenty minutes, and stand and walk for five minutes to ten minutes.

b) driving, sitting, walking and standing for any greater length of time are extremely painful and, on some days, she cannot perform those activities at all,

c) Ms. Swetitch must spend two to three hours each day using pain control modalities such as ice,

3

e-stimulation, physical therapy stretches, back decompression activities, naps and meditations.

10. Ms.  Swetitch has been prescribed and currently takes multiple pain medications including Baclofen, 10 mg prescribed by Dr. Manish Suther, Paroxetine 20 mg - Dr Amy K Davis, Levothyroxine 0.137 mg - Dr Amy K Davis, Tramadol 50 mg - take as needed, prescribed by Urgent Care doctor, Fluoroscopy guided Steroid injection - I might get these 1x year, maybe 2x at the most, Over the counter: Ibuprofen 200 mg tablets - I may take up to 1200 mg/day, Vitamin D 5000 IU.

11. These pain medications, which she is required to take daily, impair her memory, concentration, and mental faculties and focus insofar that she is unable to work a full eight-hour shift, forty hours a week.

12. Her pain is only partially controlled by her medication, and it significantly limits her activities of daily living as she is unable to perform light household work or cooking.

13. Ms. Swetitch supported her allegations with objective medical evidence including medical records from her treating physicians which indicate that Ms. Swetitch is unable to perform, with reasonable continuity, the material and substantial duties of any occupation including records from her treating physician, Dr. Wilson Ray, MD Board Certified Neurosurgeon, and her treating physician, Dr. Manish Suthar, MD Board Certified in Pain Management.

14.  Ms. Swetitch also submitted expert medical testimony. Dr. Stephen Stahle, MD Board Certified in Family Medicine, performed an independent medical examination and produced a report with his findings.  Dr. Stahle found that Ms. Swetitch is currently disabled from performing with reasonable continuity the material and substantial duties of her previous occupation, and he defers to a vocational expert as to any occupation that this is reasonable in the future.

15. Ms. Swetitch also submitted expert vocational testimony. Dr. Vincent Stock, Certified Vocational Counselor and Psychologist performed an independent vocational examination and produced a report with his findings, including but not limited to:

1.  "It is this examiner's opinion that Jennifer Swetitch was unable to perform the material and substantial duties of her own occupation from a vocational standpoint due to her level of pain and the limitations that are well described by her physicians.

    It is this examiner's opinion that Jennifer Swetitch is currently vocationally disabled from performing with reasonable continuity the material and substantial duties of any occupation, certainly not a full-time job of 40 hours a week, five days a week. "

16.  Respondent did not have Ms. Swetitch evaluated, but had Dr. Andrew Nava review the medical records. He states: "calls were not attempted for this report as this reviewer is in agreement with a functional impairment and the need for restrictions and limitations. The medical documentation that was reviewed was sufficient to make a determination. No clarification was needed from the treating providers."

17. Ms. Swetitch' appeal was denied on April 1, 2024. This denial causes Ms.  Swetitch actual harm in lost benefits, which she paid premiums for throughout her career, all while Lincoln Financial Group and Wells Fargo & Company enrich themselves month by month.

18. The Standard of Review in this case is De Novo and based upon the claim's administrator engaging in serious procedural irregularities, the review should be a lowered standard of review than arbitrary and capricious. For example, the plan has a conflict of interest and must pay the claim if they grant it but don't have to pay it if they deny it. In addition, the claim's administrator failed to review and properly consider the substantial competent medical evidence from treating physicians, the IME examining physician, the examining vocational expert and other important objective medical evidence submitted in the claim.

WHEREFORE, Plaintiff moves for judgment on benefits against Defendants for interest, attorney's fees, and such further relief as the Court deems appropriate.

Respectfully submitted,

5

**PHILLIP A. TATLOW, ATTORNEY AT LAW,LLC**


BY:    */s/ Phillip A. Tatlow_____*
Phillip A. Tatlow, #41364
20 Allen Ave., Ste. 341
Saint Louis, Missouri 63119
(314) 266-2286
(920) 305-7795 FAX
philtatlow@philtatlowlaw.com

and

Rebecca Tatlow, # 39346MO
Law Office of Rebecca Tatlow, LLC
1900 Alaskan Way #310
Seattle  WA  98101

*Attorneys for Plaintiff*


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of October, 2024 the foregoing was electronically filed with the Clerk of the court to be served by operation of the court's electronic filing system.


/s/ *Phillip A. Tatlow*